CJ25 7441

*1063412771*

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

Dishman

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT 13 2025

RICK WARREN
COURT CLERK

88

CJ - 2025 - 7441

|  |  |
|---|---|
| THE FIRE PIT NO. 1 LLC AND CBD UNLIMITED LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| V. | ) CASE NO. _____ ) |
| CANOPIUS US INSURANCE, INC., | ) ) |
| Defendant. | ) ) |

## PETITION

**COME NOW** the Plaintiffs, The Fire Pit No. 1 LLC and CBD Unlimited LLC, ("Plaintiffs"), and for their causes of action against Defendant, Canopius US Insurance, Inc. ("Canopius"), hereby state as follows:

## STATEMENT OF FACTS

1. Plaintiffs have an insurable interest in the property located at 2604 South Portland Avenue, Oklahoma City, Oklahoma 73108.

2. Canopius US Insurance, Inc. is an insurance company engaged in the business of insurance in the State of Oklahoma. Canopius US Insurance, Inc. may be served with process by serving the Oklahoma Insurance Commissioner, Glen Mulready, Oklahoma Insurance Department, 400 NE 50th Street, Oklahoma City, Oklahoma 73105. Plaintiffs request service at this time.

3. Plaintiffs entered into a contract for insurance with Canopius to provide coverage for their property and contents. Plaintiffs' insured property is located at 2604 South Portland Avenue, Oklahoma City, Oklahoma 73108, Oklahoma County, Oklahoma ("Property"). Canopius issued a homeowners policy of insurance to Plaintiffs, Policy CUS210000649

*Plaintiff's Original Petition*                    *Page 1*

EXHIBIT
2

("Policy"). The Policy was in effect from December 22, 2023, to December 22, 2024 ("Policy Period").

4. The Policy issued to Plaintiffs provides coverage for windstorm damage.

5. Canopius represented to the Plaintiffs that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiffs relied on said representations.

6. During the Policy Period, the Property was severely damaged as a direct result of a windstorm.

7. Plaintiffs timely and properly submitted a claim to Canopius for the property damage incurred due to the windstorm. Canopius assigned a date of loss of November 4, 2024.

8. Canopius confirmed that the cause of Plaintiffs' property damage claim was due to a tornado and that the loss was covered under the terms and conditions of the insurance Policy with Canopius. Canopius assigned a claim number of 79304 to the covered loss.

9. Due to Canopius's representation that **Suit Against Us** must be started within one year after the date of loss or damage, Plaintiffs timely filed the subject suit in compliance with the Policy.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

10. Plaintiffs adopt and incorporate by reference paragraphs 1 through 9 above as if fully pled herein, and for further claims against Canopius, allege as follows:

11. Plaintiffs entered into a contract for insurance with Canopius to provide coverage for the dwelling, other structures, and personal property. The Policy issued by Canopius to Plaintiffs specifically provides coverage for losses caused by a tornado.

12. At all times material hereto, the Policy of insurance (Policy #OY789317) was in full force and effect.

13. Plaintiffs provided timely and proper notice of the claim for property damage resulting from a tornado.

14. Plaintiffs have complied with the terms and conditions and all conditions precedent under the Policy of insurance.

15. As to the damage that underlie Plaintiffs' claims, Canopius has not paid any insurance benefits to date for those losses covered by the Policy. Canopius' denial is derived from its misplaced reliance upon an outcome-oriented investigation.

16. Conversely, Plaintiffs' retained adjuster wrote an estimate of covered damages, which totaled $21,100.00. This estimate was provided to Canopius.

17. By failing to timely and properly pay the Plaintiffs for losses covered by the Policy, Canopius has breached its contractual obligations under the terms and conditions of the Policy with Plaintiffs.

18. By failing to fully indemnify Plaintiffs for losses covered by the Policy, Canopius has breached its contractual obligations under the terms and conditions of the Policy with Plaintiffs by failing to pay Plaintiffs all benefits owed.

19. Canopius's conduct is the proximate cause of Plaintiffs' damages.

20. As a result of Canopius's breach of contract, Plaintiffs have sustained financial losses.

21. Pursuant to 12 O.S. § 3629(B), Plaintiffs are entitled to attorneys' fees, costs, and statutory interest at the rate of 15% per annum.

22. As a result of Canopius' breach of contract, Plaintiffs have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

## SECOND CAUSE OF ACTION
## BAD FAITH

23. Plaintiffs adopt and incorporate by reference paragraphs 1 through 22 above as if fully pled herein, and for further claims against Canopius, allege as follows:

24. Canopius owes a duty to Plaintiffs to deal fairly and act in good faith.

25. Canopius failed to retain unbiased and qualified professionals to properly evaluate Plaintiffs' loss.

26. Canopius has implemented business practices, including refusing to pay for certain damages despite knowing the scope of loss requires such repairs, in an effort to maximize its profit and underpay its insureds.

27. Canopius breached its duty to deal fairly and act in good faith by failing to timely and properly investigate, evaluate, and/or pay the Plaintiff's claim.

28. Canopius's obligations to the Plaintiffs arise from both the express written terms under the insurance Policy and the Oklahoma Insurance Code, as well as implied obligations under Oklahoma law.

29. Canopius's conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiffs and constitutes bad faith.

30. Despite Canopius's adjuster failing to identify damage to the Plaintiff's dwelling, Canopius failed to pay for the direct physical damage caused by the tornado.

31. Canopius owes for all direct physical damages caused by a peril not otherwise limited or excluded by the express terms of the Policy.

32.    Canopius ignored direct physical damages covered by the Policy for financial gain.

33.    As a direct and proximate result of Canopius' unfair claims handling conduct, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, and wrongfully underpaid. Said actions resulted in additional profits and a financial premium to Canopius.

34.    Canopius engages in a profit-sharing program that provides financial incentives to its employees to underpay and/or deny its insureds' claims.

35.    As a result of Canopius' conduct, the Plaintiffs have sustained financial losses and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

36.    The conduct of Canopius was intentional, willful, malicious, and in reckless disregard of the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

37.    The amount of punitive damages sought to be recovered is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

38.    Plaintiffs further allege Canopius profited from increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiff and other similarly situated Canopius insureds in the State of Oklahoma.

### PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiffs pray for judgment against Defendant, Canopius US Insurance, Inc., as follows:

   a.    Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject Policy of insurance for damage to the dwelling, other structures, and/or

personal property caused by a tornado on or about November 4, 2024, together with interest on all amounts due;

b. Actual and punitive damages each in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

c. Disgorgement of the increased financial benefits derived by Canopius as a direct result of Canopius' wrongful or intentional, willful, malicious, and/or reckless conduct;

d. The amount of punitive damages sought to be recovered for Plaintiffs' Bad Faith/Breach of the Common Law Duty of Good Faith and Fair Dealing action is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code; and

e. Pre-judgment and post-judgment interest, costs, statutory attorneys' fees, and any other relief deemed equitable and just.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Patrick C. McGinnis*

Patrick C. McGinnis, OBA # 32561
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

and

*Plaintiff's Original Petition*                    *Page 6*

Jacquelyn D. Dill, OBA #19955
Dill Law Firm, P.C.
4801 Gaillardia Parkway, Suite 300
Oklahoma City, OK 73142
Telephone: (405) 253-6444
Facsimile: (405) 253-6445

ATTORNEYS FOR PLAINTIFF


**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**